## Toal v. Beatty et al.

*A. Archer Cross*, for plaintiff.

*Aaron S. Swartz, Jr.*, and *Desmond J. McTighe*, for garnishee.

CORSON, J., April 29, 1935. — In October, 1931, the garnishee, William D. Gordon, as Secretary of Banking, took over The Merion Title & Trust Company. On July

7, 1932, the present plaintiff entered an amicable action in ejectment against Clarence K. Beatty, and, in connection with such action, entered judgment against Beatty in the sum of $275, costs, etc. On the same day, an attachment execution was issued, returnable September 12, 1932, and served upon William D. Gordon, etc., in possession of The Merion Title & Trust Company, as garnishee. This attachment was served without permission first having been obtained, and subsequently the plaintiff filed a petition asking this court to grant a rule upon William D. Gordon, etc., to show cause why leave to issue the attachment execution against the secretary should not be granted nunc pro tunc, and further rule to show cause why said attachment should not be perfected so that the lien of the plaintiff should not be lost, etc.

This rule was granted and later made absolute by this court. Interrogatories were then filed by the plaintiff, to which the garnishee filed an answer in which he admitted that at the time of the service of the original writ, defendant had a deposit balance in The Merion Title & Trust Company in the name of C. K. Beatty in the sum of $532.57, and a deposit balance in the name of Beatty and Clark in the sum of $480.58. Garnishee further sets forth and avers that when William D. Gordon took possession of the business and the property of The Merion Title & Trust Company, Frank H. Mahan, the plaintiff's bankrupt, was indebted to said bank in the sum of $48,-266.09, and that the said Frank H. Mahan was not at that time bankrupt. Garnishee further alleges and avers that the bankrupt estate represented by the plaintiff still owes this amount of money to the garnishee, and the garnishee claims the right to set off the entire deposit balances in the accounts of C. K. Beatty and Beatty and Clark against the indebtedness of Frank H. Mahan, bankrupt, to The Merion Title & Trust Company. With this contention upon the part of the garnishee, we cannot agree.

The only question that is being adjudicated in proceed-

ings of this nature is the question of whether or not the garnishee owes any money to the defendant in the writ. If the garnishee owes money to such defendant, the garnishee must pay such moneys to plaintiff on account of plaintiff's judgment against the defendant irrespective of any claims as between the plaintiff and the garnishee.

It would seem that the garnishee's rights against the bankrupt estate must be adjudicated in the bankruptcy proceedings together with all the other claims against the bankrupt estate. The garnishee, even under his own contention, apparently has nothing more than a general claim against the assets of the estate, and he cannot obtain a preference as against other general creditors by setting off moneys which the bank owes to Beatty and not to the bankrupt estate.

We feel, however, that the attachment cannot affect the partnership account of Beatty and Clark. The Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 25, provides, inter alia: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

A further fact, of course, to be considered is that the rights of the attaching creditor, the plaintiff in the present case, can rise no higher as against the garnishee than the rights of Beatty, the defendant. As to Beatty, he only has the right to receive from the garnishee any dividends that may become payable upon his deposit account in the process of the liquidation of the bank.

And now, April 29, 1935, it is ordered, adjudged and decreed that the rule for judgment against garnishee for want of a sufficient answer be, and is, made absolute to the extent that it is adjudged and decreed that the plaintiff stand in the position of Clarence K. Beatty with reference to the deposit account of C. K. Beatty in The Merion Title & Trust Company in the sum of $532.57, and that the plaintiff have the right of execution against the garnishee as to any dividends upon such account that

may become payable to Clarence K. Beatty in the course of the liquidation of The Merion Title & Trust Company by the Secretary of Banking or his successor. Payment of any such dividends to the present plaintiff shall release the garnishee from any claim against such garnishee by Clarence K. Beatty. The rule for judgment in so far as it applies to the partnership account of Beatty and Clark is discharged.